IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENNIS DWAYNE FRAZIER,     )
AIS # 321719,     )
    Petitioner,     )
     )
v.     )    CIVIL ACTION NO. 21-00123-CG-N
     )
ANTONIO MCCLAIN,     )
    Respondent.     )

## REPORT AND RECOMMENDATIONS

Petitioner Dennis Dwayne Frazier initiated this action by filing a "Petition for a Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254 (Doc. 1). The District Judge assigned to this case referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (3/19/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review, the undersigned finds

that it plainly appears from the petition that Frazier's claims are legally insufficient. Accordingly, the undersigned **RECOMMENDS** that Frazier's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**.

## I.    *Background*

Following a jury trial in the Circuit Court of Mobile County, Frazier was found guilty of violating (1) Ala. Code § 13A-6-20 (First Degree Assault) and (2) Ala. Code §13A-11-61 (Shooting Into an Occupied Dwelling) on September 4, 2019. (Doc. 1, PageID.2). The Circuit Court of Mobile County sentenced Frazier to a fifteen-year term of imprisonment. (Doc. 1, PageID.2). Frazier appealed to the Alabama Court of Criminal Appeals (ACCA), which affirmed his conviction on August 7, 2020. (Doc. 1, PageID.3). The ACCA denied Frazier's subsequent petition for rehearing. (Doc. 1, PageID.23). Frazier then petitioned the Supreme Court of Alabama for a writ of certiorari, but the petition was denied without opinion on December 18, 2020. (Doc. 1, PageID.3). Frazier alleges that he has not filed any collateral attacks on his conviction or sentence in state court prior to filing the present 28 U.S.C. § 2254 petition on March 8, 2021.[1] (Doc. 1, PageID.4).

## II.    *Analysis*

### A.    **Frazier's Challenge to Alabama's Constitution**

In his § 2254 petition, Frazier raises two claims: (1) "the Trial Court was without jurisdiction to impose conviction" because Alabama's 1901 Constitution is

---

[1] Frazier is deemed to have filed the present § 2255 motion on March 8, 2021, the date he represents that he delivered the motion to prison officials for mailing to the Court. *See* (Doc. 1, PageID.13); *Houston v. Lack*, 487 U.S. 266, 270 (1988).

2

"repugnant" to the Fourteenth Amendment of the United States Constitution, and (2) the indictment against him was "void" for the same reason. (Doc. 1, PageID.7). Frazier explains that "Alabama purposefully enacted its 1901 [] Constitution[] upon discrimination, fraud, [and] to establish white supremacy" in violation of the Fourteenth Amendment and the Supremacy Clause of the United States Constitution. (Doc. 1, PageID.7). Essentially, Frazier argues that because Alabama's Constitution violates the United States Constitution, the trial court could not have jurisdiction to convict him of a crime. (*See* Doc. 1, PageID.7).

In screening § 2254 petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "frivolous petitions should occasion instant dismissal." *McQuiggin v. Perkins*, 569 U.S. 383, 400 (2013) (citing Rule 4). District Courts are also permitted to summarily dismiss "any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Frazier's § 2254 petition should be dismissed with prejudice because its claims are legally insufficient. This Court has previously addressed arguments like the one raised by Frazier:

> Petitioner asserts that because the 1901 Alabama Constitution was enacted with discriminatory intent, the entire Alabama Criminal Code is null and void and cannot support his or any other conviction. He relies on *Hunter v. Underwood*, 471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985), in which the United States Supreme Court struck down a disenfranchising provision of the Alabama Constitution based in part on the racial animus underlying the adoption of the 1901 Alabama Constitution. However, the court in *Hunter* did not strike down the entire 1901 Alabama Constitution, and the Petitioner fails to demonstrate that the statutes under which he was convicted and sentenced are constitutionally infirm facially or as applied.

3

> It is not enough to show discriminatory intent in the drafting of the Alabama Constitution; it must also be shown that but for the discriminatory intent the complained of action would not have been taken. *Underwood v. Hunter*, 730 F.2d 614, 617 (11th Cir. 1984), *aff'd*, 471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985) . . . . Thus, Petitioner would have to show that but for discriminatory intent the State of Alabama would not have adopted statutes criminalizing [the conduct for which he was convicted]. Petitioner has not made, and could not make, such a showing . . . .

*Holifield v. Stewart*, No. CA 18-0026-WS-MU, 2018 WL 3946038, at *7–8 (S.D. Ala. June 15, 2018), *report and recommendation adopted*, No. CV 18-0026-WS-MU, 2018 WL 3945619 (S.D. Ala. Aug. 16, 2018); *see also Reese v. Union Supply Grp.*, No. CV 21-0007-CG-MU, 2021 WL 3928833, at *3 (S.D. Ala. Aug. 5, 2021) (recommending dismissal of a challenge to the Alabama Constitution due to racial animus in its formation because "[i]t is inconceivable that the decision to enact a representative form of state government would not have been made 'but for' alleged racial animus, and Plaintiffs cannot possibly plead any facts, produce any evidence, or make any reasonable argument otherwise"), *report and recommendation adopted*, No. CV 21-0007-CG-MU, 2021 WL 3924747 (S.D. Ala. Sept. 1, 2021). The Northern District of Alabama dismissed a similar argument, noting the "claim that the entire 1901 Alabama Constitution was enacted to establish white supremacy and therefore null and void, in an effort to avoid the legal effects of [a foreclosure], is *wholly frivolous*." *McConico v. Top Golf Birmingham Bar*, No. 2:20-cv-01156-RDP-JHE, 2020 WL 5580166, at *3 (N.D. Ala. Aug. 19, 2020) (emphasis added), *report and recommendation adopted*, No. 2:20-cv-01156-RDP-JHE, 2020 WL 5569941 (N.D. Ala. Sept. 17, 2020).

4

Frazier's claim that his convictions should be vacated due to the origins of the Alabama Constitution is legally insufficient on its face. Frazier makes no connection between the racial animus underlying the 1901 Alabama Constitution and the Alabama legislature's adoption of the statutes behind his criminal convictions as required by *Hunter*—nor could he. Conduct like assault and shooting into occupied buildings has long been criminalized, *see generally* J. W. Cecil Turner, *Assault at Common Law*, 7 CAMBRIDGE L.J. 56 (1939) (discussing the elements of assault in English common law), negating any effort by Frazier to claim discrimination motivated Alabama's enactment of statues prohibiting violent conduct. To the extent Frazier argues the Circuit Court of Mobile County lacked jurisdiction to enter his judgment of conviction, the provision vesting judicial power in the Circuit Courts was amended in 1973, *see* Ala. Const. art. VI, § 142, well after the fraught 1901 convention, *see Hunter*, 730 F.2d 614, 618–620 (11th Cir. 1984) (describing methods used by organizers of the 1901 Alabama constitutional convention to disenfranchise black citizens). Similar to the contention that Alabama would not have created its legislature but for a discriminatory motive, Frazier's implication that Alabama Circuit Courts would not have been vested with judicial power but for racial animus is "inconceivable." *Cf. Reese*, 2021 WL 3928833 at *3. Accordingly, Frazier's § 2254 petition is legally insufficient on its face and due to be dismissed with prejudice.

## B.   Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (internal

quotation marks omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned **RECOMMENDS** that Frazier be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.[2]

## C.    Appeal *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the

---

[2] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011). Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

appeal has some merit.

*Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Frazier in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[3]

### III. *Conclusion*

As set out above, the undersigned **RECOMMENDS** that Frazier's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**. The undersigned also **RECOMMENDS** that

---

[3] Should the Court deny leave to appeal *in forma pauperis*, Frazier may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

- Frazier be **DENIED** a Certificate of Appealability;

- the Court **CERTIFY** that any appeal of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying Frazier entitlement to appeal *in forma pauperis*;

- Frazier's motion "Requesting Status Update on Delaying the Service of Process Upon State" (Doc. 14) be **DENIED** as moot.

**DONE** this the 19th day of October 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.